UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| GET FRESH PRODUCE, INC., | ) | |
|     Plaintiff, | ) | CASE: 3:14-cv-30153-MGM |
| | ) | |
| v. | ) | |
| | ) | |
| LANSAL, INC., t/a HOT MAMA'S FOODS, | ) | |
| JOSEPH D.WARD, individually, | ) | |
| MATTHEW D. MORSE individually, | ) | |
| BARBARA MORSE, individually; and | ) | |
| UNITED BANK, | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| HARVEST FOOD GROUP, INC., | ) | |
|     Intervening Plaintiff, | ) | |
|   v. | ) | |
| | ) | |
| LANSAL, INC., d/b/a HOT MAMA'S FOODS, | ) | |
| JOSEPH D.WARD, individually, | ) | |
| MATTHEW D. MORSE individually, and | ) | |
| BARBARA MORSE, | ) | |
|     Defendants. | ) | |
| _____ | | |
| _____ | | CASE: 3:14-cv-30170-MGM |
| FRESH CUT SOLUTIONS, LLC; | ) | |
| CHRISTOPHER RANCH, LLC, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LANSAL, INC. d/b/a HOT MAMA'S FOODS; | ) | |
| JOSEPH D. WARD; | ) | |
| MATTHEW D. MORSE; | ) | |
| BARBARA MORSE, | ) | |
|     Defendants. | ) | |
| _____ | | |

<u>ORDER ON PROCEEDINGS FOLLOWING FILING OF
SUGGESTION OF BANKRUPTCY</u>

On February 1, 2016, a suggestion of bankruptcy was filed on behalf of defendant Barbara Morse. On February 4, 2016, the court entered an Order Re: Further Proceedings, indicating its intention to stay these consolidated cases pending completion of Ms. Morse's bankruptcy proceeding (Dkt. No. 91). Counsel were given to February 17, 2016 to object to the court's contemplated action.

Plaintiff Harvest Food Group, Inc. ("HFG") timely filed a well-founded objection to a stay of all proceedings in this case based on the filing of a suggestion of bankruptcy as to a single defendant (Dkt. No. 94). As HFG points out, the automatic stay under § 362 of the Bankruptcy Code should be limited to the debtor who has filed for bankruptcy. The stay should not apply to affiliated or even related non-debtor parties. *See, e.g., In re San Juan Dupont Plaza Hotel Fire Lit.*, 994 F.2d 956, 969 (1st Cir. 1993) (as a general rule, the automatic stay in the Bankruptcy Code applies only the debtor in bankruptcy; citing cases); *In re Western Real Estate Fund*, 922 F.2d 592, 600 (10th Cir. 1990); *Parkview-Gem v. Stein*, 516 F.2d 807, 811 (8th Cir. 1975).

Accordingly, the court will enter a separate order staying these proceedings as to defendant Barbara Morse only.

It was the court's intention to enter a scheduling order governing next procedural steps in these consolidated cases, including setting deadlines for discovery events and the filing of dispositive motions. Accordingly, all counsel, with the exception of counsel for Barbara Morse, are directed to confer and, by no later than April 22, 2016, prepare and file a joint statement setting forth proposed deadlines for the completion of discovery and the filing of dispositive motions. To the extent the parties are not able to agree on proposed deadlines, the joint statement shall set forth the parties' positions, and the reasons for their proposal(s).

IT IS SO ORDERED.

Dated: April 11, 2016                                   /s/ Katherine A. Robertson
                                                        KATHERINE A. ROBERTSON
                                                        UNITED STATES MAGISTRATE JUDGE