UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

GET FRESH PRODUCE, INC.,                )
             Plaintiff,                        )
                                   )
      v.                                )
                                   )
LANSAL, INC., t/a HOT MAMA'S FOODS,      )
JOSEPH D.WARD,  individually,            )
MATTHEW D. MORSE individually,           )
BARBARA MORSE,  individually; and        )
UNITED BANK,                             )
             Defendants.                      )
_____  )
HARVEST FOOD GROUP, INC.,                )
             Intervening Plaintiff,           )
      v.                                )
                                   )
LANSAL, INC., d/b/a HOT MAMA'S FOODS,     )
JOSEPH D.WARD, individually,             )
MATTHEW D. MORSE individually, and       )
BARBARA MORSE,                           )
             Defendants.

_____

CASE: 3:14-cv-30153-MGM

_____

FRESH CUT SOLUTIONS, LLC;                )
CHRISTOPHER RANCH, LLC,                  )
             Plaintiffs,                      )
                                   )
      v.                                )
                                   )
LANSAL, INC. d/b/a HOT MAMA'S FOODS;      )
JOSEPH D. WARD;                          )
MATTHEW D. MORSE;                        )
BARBARA MORSE,                           )
             Defendants.                      )
_____

CASE: 3:14-cv-30170-MGM

**MEMORANDUM AND ORDER ON UNITED BANK'S MOTION FOR DEFAULT JUDGMENT AS TO THE DEFENDANT, LANSAL, INC. d/b/a HOT MAMA'S FOODS PURSUANT TO FED. R. CIV. P. 55(a)**

1

Now before the court is United Bank's Motion for Default Judgment as to the Defendant, Lansal, Inc. d/b/a Hot Mama's Foods Pursuant to Fed. R. Civ. P. 55(a) ("Default Motion"). The motion was referred to the undersigned for a report and recommendation by presiding District Judge Mark G. Mastroianni (Dkt. No. 115). See 28 U.S.C. § 636(b)(1)(B). The court held a hearing on United Bank's Default Motion on November 16, 2017 and set a deadline for a further submission by United Bank. Lansal did not appear at the hearing. Having reviewed that submission and related documents, the court recommends that United Bank's Default Motion be granted, and that judgment enter for the Bank in the principal amount of $188,015 with attorney's fees in the amount of $72,510 for a total of $260,525. The court further recommends that: (1) $70,000 of the principal amount of the judgment be subject to interest at a rate of 12% per annum from October 16, 2015 to the date of judgment; and (2) $118,015 of the principal amount be subject to interest at the a rate of 12% from March 10, 2016 to the date of judgment.

II.    RELEVANT BACKGROUND

These cases were initiated by a complaint brought by Get Fresh Produce, Inc. against Lansal, Inc. d/b/a/ Hot Mama's Foods ("Lansal"), Joseph D. Ward, Matthew D. Morse, Barbara Morse, and United Bank pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) and § 499e(b) ("PACA"). Get Fresh Produce alleged in its complaint that it had sold and delivered produce to Lansal worth $73,888.36, which Lansal accepted and for which it did not pay. Harvest Food Group, Inc. subsequently moved for, and was granted, leave to file an intervenor complaint, claiming that Harvest Food Group, Inc. had delivered produce to Lansal valued at $39,435.99 for which it had not been paid and asserting PACA claims against Lansal. Finally, a separate case filed by Fresh Cut Solutions, LLC and Christopher Ranch, LLC against Lansal was consolidated with this case. Fresh Cut Solutions and Christopher Ranch alleged that

they had delivered produce to Lansal which Lansal had accepted and for which it had not paid

and also asserted claims against Lansal pursuant to PACA.  The cumulative amount owing to

Fresh Cut Solutions and Christopher Ranch was alleged to be $54,382.60.  Get Fresh, Inc.,

Harvest Food Group, Inc., Fresh Cut Solutions, LLC and Christopher Ranch, LLC are referred to

herein as "the PACA Plaintiffs."

United Bank filed a cross-claim against Lansal and Matthew Morse alleging that United

Bank made a number of loans to Lansal with Matthew Morse as guarantor of those loans (Dkt.

No. 25 at 9-10).  The bank alleged that Lansal failed to make payments due under its loan

agreements with United Bank, after which United Bank provided notice that the loans were in

default and due and payable in full (*id.* at 11).  In or around August 2014, United Bank

commenced proceedings against Lansal to collect on its loans (*id.* at 10).  United Bank further

alleged that, pursuant to the loan agreements, Lansal and Mr. Morse agreed to indemnify United

Bank against any cost, claim, loss, liability, damages, or expense, including attorneys' fees, in

connection with any litigation with any third party relating to the loan documents (*id.*)  Lansal

did not answer United Bank's cross-claim in this case.  On August 17, 2017, the Clerk's Office

entered default against Lansal in favor of United Bank (Dkt. No. 110).  In view of Lansal's

failure to answer the cross-claim, the facts alleged therein are taken to be true.  *See Ortiz-*

*Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002).

PACA creates a statutory trust over any goods, receivables, or proceeds from perishable

agricultural commodities until the buyer (here, Lansal) makes full payment.  7 U.S.C. § 499e(c);

*see also Hiller Cranberry Prods., Inc. v. Koplovsky*, 165 F.3d 1, 4-5 (1st Cir. 1999).  "In essence,

PACA creates a trust in favor of the seller of unpaid goods *which is superior to the interest of the*

*buyer's secured lender.*"  *Hiller Cranberry Prods., Inc.*, 165 F.3d at 5 (emphasis supplied); *see*

*also B & R Produce Packing Co., Inc. v. A & H. Farms, Inc.*, Civil No. 13-cv-367-JD, 2014 WL 576210, at *2 ("PACA imposes a floating trust for the benefit of unpaid suppliers on purchasers' receivables and proceeds from the sale of commodities").  The PACA Plaintiffs claimed that United Bank possessed assets of Lansal that were subject to a so-called PACA trust in their favor, such that their claims to those assets were superior to the claims of United Bank as Lansal's secured lender.  Ultimately, United Bank paid $188,015 in settlement to the PACA Plaintiffs and incurred attorneys' fees in defending itself against the PACA Plaintiffs' claims (Dkt. No. 122 at 4).  United Bank seeks entry of a default judgment against Lansal compensating it for its settlement payments to the various PACA Plaintiffs with interest running from the dates on which it made the settlement payments and reimbursement of the attorneys' fees it incurred in defending itself in this case.

III.   DISCUSSION

a.  Standard of Review

While a court should accept as true the well-pleaded factual allegations in the complaint when considering a motion for entry of default judgment, the court "need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages."  *Virgin Records Am., Inc. v. Bagan*, Civ. No. 08-4694 (WHW), 2009 WL 2170153, at *2 (D.N.J. July 21, 2009) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).  A court is required to conduct its own inquiry to ascertain the amount of damages with reasonable certainty.  *See id.* (quoting *Int'l Assoc. of Heat & Frost Insulators v. S. Jersey Insulation Servs.*, No. 05-3143, 2007 WL 276137, at *1 (D.N.J. Jan. 26, 2007)).

b.  Damages

The actual evidence of damages proferred by United Bank in this case consists of the Affidavit of William Demore, in which Mr. Demore represents, under the pains and penalties of perjury, that United Bank made the following payments to the PACA Plaintiffs to settle their claims and potential claims against United Bank:

- $70,000 to Get Fresh Produce, Inc.;

- $75,015 to Harvest Food Group, Inc. and Christopher Ranch, LLC; and

- $43,000 to Fresh Cut Solutions, LLC (Dkt. No. 122 at 4).

As additional evidence, United Bank submitted copies of its loan agreements with Lansal, as follows:

- December 28, 2012 Equipment Line of Credit Note and Agreement - $250,000;

- December 28, 2012 Demand Revolving Line of Credit Note - $1,300,000;

- December 28, 2012 Commercial Note - $450,000;

- January 29, 2013 Demand Revolving Line of Credit Note - $150,000;

- February 12, 2014 Promissory Note - $924,000; and

- April 28, 2014 Promissory Note - $1,245,000 (Dkt. Nos. 113-1 through 113-6).

These loan documents created security interests in Lansal's assets in favor of United Bank (Dkt. 113-1 at 4; Dkt. No. 113-2 at 5; Dkt. No. 113-3 at 4; Dkt. No. 113-4 at 4; Dkt. No. 113-5; Dkt. No. 113-6 at 8).  Pursuant to PACA, however, United Bank's security interests were subordinate to those of the PACA Plaintiffs.  *See Hiller Cranberry Prods.*, 165 F.3d at 5.  The Equipment Line of Credit authorized the Bank to settle or adjust disputes and claims directly with account debtors on terms and in any order United Bank considered advisable (Dkt. No. 113-1 at 14) which United Bank apparently did with the PACA Plaintiffs.  United Bank's cross-claim asserted

a single count of indemnification against Lansal (Dkt. No. 25 at 11).[1]  In the view of the undersigned, the loan documents and Mr. Demore's attestations constitute sufficient evidence to establish Lansal's liability to United Bank for the settlement amounts United Bank paid to the PACA Plaintiffs.  The settlements add up to a total of $188,015.

The loan documents further provide that Lansal is required to indemnify United Bank for any amounts paid by United Bank under the terms of the loan documents with interest running from the date of payment (Dkt. No. 113-1 at 14-15).  United Bank's payments to the PACA Plaintiffs are amounts paid under the terms of the loan documents for which United Bank is entitled to indemnification with interest running from the date of payment.  Under Massachusetts law, which applies to United Bank's claims against Lansal, prejudgment interest runs at 12% (twelve percent) per annum on a claim for a breach of a contractual indemnification obligation such as United Bank's claim against Lansal.  *See Helming & Co., P.C. v. RTR Techs., Inc.*, 76 F. Supp. 2d 363, 370 (D. Mass. 2015) (failure to honor contractual indemnification obligation is a breach of contract); Mass. Gen. Laws ch. 231, § 6C (in actions based on contractual obligations, upon a verdict, finding, or order for judgment for pecuniary damages, interest runs "at the rate of twelve percent per annum from the date of the breach or demand").  For these reasons, I recommend that United Bank recover interest at the rate of 12% per annum running from the date on which it made the settlement payments to the PACA Plaintiffs – the date on which Lansal's unsatisfied indemnification obligation arose – through the date on which judgment enters.

---

[1] The cross-claim also sought indemnification from Matthew Morse who, however, filed for bankruptcy while this case was pending (Dkt. No. 103).

Finally, the loan documents provide for reasonable attorneys' fees and expenses in connection with claims for which United Bank seeks indemnification (Dkt. No. 113-1 at 17). Counsel for United Bank has filed an affidavit and submitted invoices for the work done by him and his firm in the instant case (Dkt. Nos. 113-8, 114). Counsel's affidavit and the attached invoices support the hourly rates charged and show time productively spent on a case which was complicated by the competing claims of the parties seeking recovery from Lansal, which has ceased doing business, and the bankruptcy proceedings of the individual defendants. After reviewing the invoices, the court sees no reason to adjust the fee request documented in the billing records submitted on behalf of United Bank (Dkt. Nos. 113-8 and 114). Accordingly, I recommend that the default judgment entered in this case include an award of attorneys' fees in the amount of $72,510.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that a default judgment enter in the amount of $260,525. I further recommend that interest at the rate of 12% per annum run on: (1) $70,000 of the judgment from October 16, 2015 through the date of judgment; and (2) $118,015 of the judgment from March 10, 2016 through the date of judgment.[2]

---

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Dated: March 9, 2018                              /s/ Katherine A. Robertson
                                                  KATHERINE A. ROBERTSON
                                                  UNITED STATES MAGISTRATE JUDGE